## Ewing *against* Barras.

A mechanic's claim against a building "situate in Clinton street on the north side thereof, and 130 feet east of Eleventh street, containing in front on Clinton street 20 feet," is not inconsistent with a deed describing a building as "situate on the north side of Clinton street, beginning at the distance of 116 feet eastward from the east side of Eleventh street, and containing in front on Clinton street 20 feet."

Certainty to a common intent is sufficient in a description of property in a mechanic's claim.

Whether the descriptions of a building in a deed and in a mechanic's claim agree, is a question for the jury.

ERROR to the Common Pleas for the city and county of *Philadelphia.*

This was a *scire facias* on a mechanic's claim, brought by Jacob O. Ewing against John B. Barras and Benton Costen, to which the defendants pleaded *non assumpsit,* payment and set-off, with leave, &c. The claim filed described the property as "all that certain three story brick building, situate in Clinton street, on the north side thereof, and 130 feet east of Eleventh street, in the city of Philadelphia, containing in front on said Clinton street 20 feet, and having three story back buildings, and the lot," &c.; naming Barras as the owner or reputed owner, and Costen, the architect, builder, and contractor.

The plaintiff gave in evidence a deed from Clement S. Miller to Barras for "all that certain brick messuage, &c., situate on the north side of Clinton street, in the city of Philadelphia, beginning at the distance of 116 feet eastward from the east side of Eleventh street, and containing in front or breadth on said Clinton street 20 feet," &c.

The plaintiff asked the judge to charge the jury that the description in the claim filed sufficiently identified the premises described in the deed: but the judge charged that it did not, and that therefore the plaintiff had failed to make out his case, and could not recover. The plaintiff excepted to this opinion, and assigned it for error, and that the judge erred in taking from the jury the question whether the claim filed sufficiently identified the property of Barras, the same being a question of fact. The jury found a verdict for the defendants.

*E. S. Miller* and *Mallery,* for plaintiff in error.

*Perkins, contra.*

[Ewing v. Barras.]

The opinion of the Court was delivered by

Rogers, J.—The description of the property, although not precisely accurate, is not altogether inconsistent with the deed. It is described as " all that certain three story brick building, situate in Clinton street, on the north side thereof, and 130 feet east of Eleventh street." And this corresponds with the deed, or at any rate is not in opposition to it; for, by the deed, it appears that the lot on which the building is erected, and which is described with sufficient particularity, extends 136 feet from Eleventh street; that is to say, it begins 116 feet from Eleventh, and is 20 feet in front. But admitting that there is a mistake in the description, will every mistake in filing the claim, however trivial, invalidate the lien? We think it will not, provided the property is described in such a manner as to its locality, size, and number of stories, or in any other way as may be sufficient to identify it, and of this the jury must judge. The claim must set forth the locality of the building, the size and number of the stories, or such other matters of description as shall be sufficient to identify the property. *Act* 16*th June* 1836, *sec.* 12. Accuracy ought to be carefully attended to; but, as claims are frequently filed by the material men themselves, it would lead to injustice to hold that every mistake, however trifling, should avoid the lien. Only such as are calculated to mislead subsequent purchasers or creditors should destroy the claim. The object which the legislature has in view is attained by setting forth on the record such matters as will leave no reasonable room to doubt the particular building intended against which the claim is filed. And for this purpose, certainty to a common intent, is all that can be reasonably required. We must either say that every mistake, whatever it may be, is fatal, or we must refer the question of identity to the jury; the latter is the only safe rule that can be adopted. It is impracticable for the court to decide what mistakes shall, and what shall not avoid the lien; and hence the propriety of referring the description, under the direction of the court, to the jury, who, it is presumed, will in all cases protect purchasers and creditors against any losses which may arise from a defect in the manner in which the building and ground may be described in the claim filed.

Judgment reversed, and a *venire de novo* awarded.