# Lehman *against* Thomas.

The court may strike from the record an irregular mechanic's claim, on petition and answer or demurrer.

A claim by a material man recited that it was " filed within six months, according to Act of Assembly," &c.　*Held* that the time of furnishing the materials was too loosely stated.

THIS was a writ of error to the District Court for the city and county of *Philadelphia,* in which the following claim had been filed:

Benjamin Lehman, of Germantown, in the county of Philadelphia, lumber merchant, claim against Joseph R. Thomas, house carpenter, of Germantown, in the county of Philadelphia and township of Germantown, or any other person or persons concerned in erecting a two-story frame house, and two-story frame kitchen, and other buildings, situated on the School lane, joining land on the south-west by land of John Hart, and north-west by land of Jacob Ermhardt, and on the north-east by land of Jonathan Woolf, and fronting south-east on said School lane, in the township of Germantown, for the sum of $414.41, shall be a lien on the above-mentioned lot of ground, two-story frame house, and two-story frame kitchen, and other buildings, for the supplying of lumber in the constructing and erecting thereof, filed within six months, according to Act of Assembly provided in the securing mechanics and others.

Under the 23d section of the Act of 16th June 1836, (*Pamph.* 695), the following petition was presented to the court:

To the Honourable the Judges of the District Court, in and for the city and county of Philadelphia.　The petition of Joseph R. Thomas, above named, and Thomas Megargee, assignee of the said J. R. Thomas, humbly showeth: That the above claim was filed in your honourable court as the same is above stated, and that no *sci. fa.* has been issued thereon.　That your petitioners believe that there is no legal or equitable ground for the continuance of the lien created by said claim being filed as aforesaid. They therefore pray your honourable court to grant a rule on the said Benjamin Lehman, the party claimant above-mentioned, to

[Lehman v. Thomas.]

appear before your honourable court, and show cause why such proceedings shall not be had as are provided by law in such case, &c.

On this petition a rule was obtained on the claimant to show cause why his claim should not be proceeded with according to law, or struck off for informality. The defendant, Thomas, demurred to the claim. One of the grounds of his demurrer was, that the claim did not set forth the kind and amount of materials furnished, and the time when they were furnished. The court entered judgment for the defendant on the demurrer. The plaintiff assigned the following errors:

1. The court erred in giving judgment on demurrer against the claim.

2. In deciding that the defendant might demur to the claim, without any *sci. fa.* being issued thereon.

3. In deciding that the petition was sufficient to authorize the rule granted thereupon.

4. In deciding that the claim filed was defective in point of form.

5. In deciding that it was defective in substance.

*Markland*, for the plaintiff in error, cited *Springer* v. *Keyser*, (6 *Whart.* 187); 6 *Bing.* 37; *Dwar. Stat.* 702; *Rehrer* v. *Zeigler*, (3 *Watts & Serg.* 258.)

*F. E. Brewster*, contra, was stopped by the court.

Per Curiam.—The court necessarily has summary power to strike from the public record an irregular claim, which, though void, might cast a suspicion on the title to the property; and if it could be done on motion, it can be done on petition and answer or demurrer, as it was done here. The form is immaterial, and we must look at the substance. The materials are stated in this case to have been furnished within six months before the filing of the claim. For purposes of specification, it might as well have been six years. The statute requires the date to be inserted not merely that it may appear the claim was filed in time, but to individuate the cause or subject of it. The claimant may have filled many orders of the contractor within the period, and it was therefore necessary to specify what was meant. A lumber merchant ought to be able to give day and date for every item; and even a mechanic ought to be able to state the commencement and completion of his job with convenient certainty. Where this can be done, it ought to be exacted, for it is a potent guard against imposition; and, to say nothing about any other exception, we are of opinion the time is too loosely stated.

Judgment affirmed.