## Witman *against* Walker.

Under the Act of 16th June 1836, relating to the lien of mechanics, &c., the time at which the work was done, or the materials were furnished, must be stated in the claim or bill appended to it; otherwise the claim is defective.

A contractor who furnishes the whole or part of the work and materials at a certain price is not entitled to a lien against the building.

ERROR to the District Court for the city and county of *Philadelphia.*

This was a *scire facias* upon the following claim, filed the 16th September 1840:—

In the District Court for the city and county of Philadelphia and state of Pennsylvania. Thomas Walker, stone-cutter, of said city, files his claim, a lien for $808.80, against all that certain three-story brick building, piazza and back buildings, together with the lot of ground on which the same is erected, and belonging or said to belong to George Witman, brickmaker, situated, &c., (particularly describing its locality); it being for work and labour done, and materials furnished and bestowed in the erection and construction of said building by the said Thomas, employed in the erection and construction and furnishing materials for said building, within six months last past; a bill, or more particular statement whereof, is hereunto annexed.

*Philadelphia, April 1st,* 1840.

Mr George Witman,

To Thomas Walker,

| | |
|---|---|
| For marble-work outside, water table, Ashler step, door front, and other work as per agreement, | $519.00 |
| 2 parlor mantels, at $75 each, - - - - | 150.00 |
| 1 do. do. at - - - - - | 50.00 |
| 2 do. do. at $35 each, - - - - | 70.00 |
| 2 fire-boards, at $9.90 each, - - - | 19.80 |
| | $808.80 |

I do therefore require the prothonotary of said court to file this claim, my lien against the said premises, according to the Act of Assembly in such cases made and provided.

Thomas Walker.

*Philadelphia, September 16th,* 1840.

[Witman v. Walker.]

The plaintiff proved that he did all the marble-work in front of the building, except the frontispiece, and furnished mantelpieces and marble fire-boards, in the spring of 1840.

The defendant gave in evidence a contract dated 6th April 1839, between Witman and Walker, by which Walker agreed to execute the marble-work for the house in question and one adjoining it by a certain day, and Witman agreed to pay him a fixed sum, by different payments, at specified periods in the progress of the work.

It was not denied that the work was done; nor was the price of the work and the materials furnished disputed. A number of questions were made in the court below, and noticed in their charge, but which are immaterial to the grounds of the decision of this court.

The court below charged *inter alia* as follows : —

The defendant relies upon different grounds. He says, in the first place, that the claim was not filed according to law, and therefore no lien now exists. The law, it is said, requires that the claim should set forth the time when the materials were furnished or the work was done. Upon the face of the claim there is a day given to the time of furnishing the materials and work, viz: 1st April 1840. This claim must be understood as setting forth the 1st April 1840, as the time at which the work and materials were furnished. And in that view the claim is sufficient in point of form.

But it is said that the evidence shows that the work was not furnished on the day of this date, and therefore the lien is invalid. This raises a question whether the plaintiff was bound to state the time truly, and prove it as he states it. There may be some difficulty on this point. It has not been decided, so far as I know, or even raised. It seems to me (and you will take what I now say as law) that it is sufficient if the plaintiff has proved the work as done, and the materials as furnished, within a reasonable period before or after that date. This raises a question of fact for you to decide. You will say, therefore, from the evidence, whether this work and materials was done on or about that day; that is, within a reasonable time, to be judged of by the nature and customary mode of doing such work.

But it is further objected, that the plaintiff, in this case, was the contractor by a written, special contract, and therefore he must look to his contract merely for compensation, and not to the building. The law, it is said, means to give a lien only to the other persons who furnish work and materials for the building under the contractor, and who act under his superintendence.

In this case Walker was not the contractor for the whole building. He contracted for the frontispieces, steps, &c., the marble-work only, and this raises a different question. It seems to me

[Witman v. Walker.]

that if a person makes a special contract to do a particular part of the material, and he does the work and furnishes the materials, he has a lien by the Act of Assembly, and may file his claim. For example, a man who contracts to furnish all the bricks from his yard, or all the ironmongery, and does so; or to furnish the frontispieces, steps and marble-work, as in this case, if he furnishes it under the contract, he has a lien. The point of the decision relied on in support of this ground of defence is, that when one person contracts for the building, but does not actually supply the materials or perform the work, but merely orders them, the persons entitled to the lien under the law are the persons who actually find the materials and work, not the contractor who orders them on the credit of the building.

The court, in *Hoatz* v. *Patterson*, (5 *Watts & Serg*. 538), do not deny that when there is a special contract, a person who actually furnishes (in pursuance of the contract) the materials or finds the labour may have a lien notwithstanding. But only that when one man as contractor orders materials from other persons, or employs other persons to do the work, then the latter have the right of lien, and not the contractors. And that as it would be unjust to allow both to have liens for the same thing, the contractor shall look to his contract, while they who furnish the materials and labour may look to the building. The question of fact, therefore, which arises in this point is, whether the plaintiff did, in point of fact, furnish the work and materials which he agreed to furnish by the contract in evidence.

The defendant excepted to the charge, and assigned the following among other errors : —

The court erred in charging the jury, 1st. That the designation of time in the claim filed was sufficient, and that the doing of the work on or about the day specified in the claim would entitle plaintiff to recover.

2d. That although the evidence proved the time in the lien was untruly stated, nevertheless the lien was sufficient under the Act of Assembly.

3d. That the statement of the amount, kinds and nature of the work done and materials furnished was sufficiently set out in this lien filed.

*Guillou* and *Dunlap*, for the plaintiff in error, referred to *Hoatz* v. *Patterson*, (5 *Watts & Serg*. 537); *Rehrer* v. *Zeigler*, (3 *Ib*. 258); *Lehman* v. *Thomas*, (5 *Ib*. 262).

*St. G. T. Campbell*, contra, cited *Ewing* v. *Barras*, (4 *Watts & Serg*. 467; *Kinsley* v. *Buchanan*, (5 *Watts* 118); *Hinchman* v. *Lybrand*, (14 *Serg. & Rawle* 32); *Harker* v. *Conrad*, (12 *Ib*. 301).

[Witman v. Walker.]

The opinion of the Court was delivered by

SERGEANT, J.—The Act of 16th June 1836, section 12, prescribes three requisites which a claim filed under it must have in order to create a lien on the building. The *second* of these is " the amount or sum claimed to be due and the nature or kind of the work done or the kind and amount of materials furnished and the *time* when the materials were furnished or the work was done, as the case may be." All of these are or ought to be within the peculiar knowledge of the claimant from his books or otherwise, and must be furnished by him when filing his claim. When dispute arises, they are essential to the owner of the building, the purchaser and lien creditor, to enable them to trace out the truth of the claim and guard against error or imposition. The right to obtain a lien is given by the Act of Assembly to all debts contracted for work done or materials furnished for or about the erection or construction of the building, and that whether the materials are actually used in it or not. Where, as is often the case, a contractor carries on several dispersed buildings, and work is done and materials furnished for them by the same mechanic or material-man, the enumeration in the claim of these items furnishes the best means of ascertaining how far the particular building in question is liable. In relation to the *third* class of requisites, the locality of the building, there is some latitude given; the Act allows " the size and number of the stories or *such other matters of description* as shall be sufficient to identify it," and this was the ground of the decision in *Ewing* v. *Barras*, (4 *Watts & Serg*. 467). But no such latitude is permitted in the first and second classes. The items are positively required; and this imperative requisition of the law we are not at liberty to dispense with or impair by a strained construction. The claim filed in the present case is in this respect defective. There is no time stated in the claim or bill appended to it, at which the work was done or materials furnished, as the Act of Assembly requires. The date of the 1st April 1840 is obviously the date of the bill and nothing else; the claim does not purport to state that as the time when the work was done or materials furnished, and a forced interpretation of this kind to sustain a claim would establish a precedent that would defeat the object which the Legislature had in view in requiring the time to be stated. As a general rule, the requisites to constitute a record lien must be substantially complied with, especially where, as here, a purchaser is to be affected who paid the full consideration money for the house on receiving his deed, without notice. In *Rehrer* v. *Zeigler*, (3 *Watts & Serg* 258), the claim stated the month and day of the month when the materials were delivered, but omitted the year, and it was held defective. In *Lehman* v. *Thomas*, (5 *Watts & Serg*. 262), an allegation that the work was done within six months past was held not to be a com-

[Witman v. Walker.]

pliance with the Act.  These cases rule the present point, and we think the claim is for these reasons defective.

Another question is, whether the plaintiff is such a person as is authorized to acquire a lien on the building by filing a claim.  In the cases of *Jones* v. *Shawhan*, (4 *Watts & Serg.* 417), and *Hoatz* v. *Patterson*, (5 *Ibid*. 537), it was decided that a contractor who agrees with the owner to furnish all the materials and erect the building for a fixed price, is not such a mechanic or material-man as is entitled to acquire a lien by filing a claim against the building.  He cannot stand in the double character of contractor and mechanic or material-man.  The former deals directly with the owner and trusts his personal responsibility or may require security; the latter need know nothing of the owner, but trusts to the security of the building in default of payment.  It is said in the latter case, it makes no difference that the contractor furnished the materials in whole or in part from his own stores.  It is not easy to perceive any difference in principle in the circumstance that the contract is not for the whole building, but for a particular job or piece of work, as here, to put up the marble work of two houses, and furnish marble mantels.  The relation of the parties is the same, and similar inconveniences and incongruities would ensue to those pointed out in the opinion delivered by Mr Justice ROGERS in *Jones* v. *Shawhan*, if the same individual might stand in the double capacity of contractor and material-man.

Judgment reversed.