## H. C. FERGUSON v. ASHBELL & SIMPSON.

### *(Case No. 3352.)*

1. MECHANIC'S LIEN.— To fix the statutory mechanic's lien, the requisites of the statute must be substantially complied with in every particular.
2. MECHANIC'S LIEN.— If the work was to be performed or the materials furnished under a special written contract with specifications and for a sum certain, and the same has been completed, it is not necessary to set out the items of work performed and materials furnished, further than by the written contract itself.
3. MECHANIC'S LIEN A VERBAL CONTRACT.— To fix a mechanic's lien under a verbal contract, the terms and specifications of the contract and the amount and value of the work and materials furnished, should in the bill of particulars be made so specific and certain as to advise the owner of the property, other lien creditors, if any, and all persons interested, of the particulars of the demand sought to be enforced.
4. MECHANIC'S LIEN UNDER VERBAL CONTRACT.— The bill of particulars, necessary under the statute to fix a mechanic's lien under verbal contract, should be reasonably certain as to the character and the amount of the materials furnished and the work performed, the dates and places when furnished and performed, and the value of the same.

APPEAL from Wise. Tried below before the Hon. J. M. Lindsey.

Suit brought in the district court of Wise county, November 11, 1874, by appellees, Ashbell & Simpson, against the appellant, H. C. Ferguson, to recover a balance of $171.40, alleged to be due on an open account for work done and materials furnished by appellees as mechanics, in the erection of a dwelling house for appellant, upon twenty acres of land, and to foreclose their mechanic's lien on the house and land. On the 14th of December, 1875, the cause was tried and resulted in a verdict and judgment in favor of appellees, against appellant, for the sum of $184.53, and foreclosing the lien on the house and land, from which appellant has prosecuted this appeal.

The petition alleged that on the 1st day of January, 1874, appellees, at the instance of appellant, entered into a verbal contract with him for the erection and completion, in a workmanlike manner, of a house now known as appellant's· resi-

dence, upon twenty acres of land in Wise county, Texas, a full description of which was given. That by the terms of that contract, appellees were to complete the house within a reasonable time; that in consideration thereof, agreed and promised appellees to pay them what the work and labor done and performed by them in the erection of the house should be reasonably worth, and also agreed and promised to pay them the reasonable worth of such material as should be used by them in the erection of the house; that appellees had fully complied with the contract, and that it was fully performed by them on the 6th day of May, 1874; that the work and labor done and performed by appellees under the contract in the erection of the house, was reasonably worth the sum of $225.00; that the material furnished by appellees in the construction of the house, was reasonably worth the sum of $62.30; that the material so furnished by appellees consisted of 480 feet of sheathing lumber, at $1.50 per hundred feet, amounting to the sum of $7.50; and 1,770 feet of framing lumber, at $3.00 per hundred feet, and amounting to the sum of $53.10; and making in the aggregate the sum of $60.31; that said sums of money were due and unpaid; that appellant, though often requested, had failed and refused, etc., except the sum of $115.90; and appellees prayed for judgment for their debt, $171.40.

There was attached to the petition, as a part thereof, an exhibit and account, which is copied in the opinion.

To this exhibit there was attached, as a part of same, and as a part of the petition, the affidavit of appellee Ashbell, that there was still due and unpaid a balance of $171.40 upon said account. Upon the trial, when appellees offered to prove the amount of their account, appellant objected, which objection was overruled by the court, to which appellant excepted.

It should be observed, that while the affidavit which was filed and recorded with the account, was specific as to the verbal contract, and described the property built upon, it failed to be more specific in describing the materials and particular work than the account itself.

*Thos. J. Brown* and *T. J. Wyatt* for appellants.

I. The district court erred in overruling defendant's demurrer to plaintiff's original and amended petitions, for we maintain that no cause of action, which is based on an account, is clearly set forth unless an itemized account or bill of particulars is filed with the petition. Boynton *et al. v.* Chamberlain *et al.*, 38 Tex., 604; McCartney *v.* Wood, 42 Tex., 39.

II. The petitioners should have shown when said bill of particulars was filed, recorded and served on defendant, because these must have been done within six months after the debt claimed became due, in order to " fix and secure the lien " provided by the statute (Pasch. Dig., art. 7112); and unless it be assumed that the pretended bill of particulars is part of the pleadings, no allegations of these facts appear in plaintiff's voluminous pleading, other than the exceedingly general averment, that it was within six months; which is certainly insufficient under special exceptions.   But should it be held that the so-called bill of particulars was a part of plaintiff's pleadings, then a much more cogent reason appears why the demurrer should have been sustained; for the insufficiency of said bill of particulars was thereby brought specially to the mind of the court.   And, even under the most lenient rules of pleadings, this pretended bill of particulars was wholly insufficient to reasonably apprise the defendant of the demands sought to be enforced by plaintiff; in so much as the sum charged therein, for both lumber and material, is only stated in gross.   See 38 Tex., 604 (above cited); Bouv. Law Dic., vol. 1, 205.   It will further be seen that said bill of particulars does not contain any description of the house or land against which the mechanic's lien is claimed, as required by law. See Pasch. Dig., 7112.   To entitle plaintiff to this extraordinary remedy, the creature of the statute, the statute must be strictly followed, and a bill of particulars, to avail in fixing and securing this lien, must contain or be accompanied by a description of all the property against which the lien is sought to be enforced.

III. The court erred in admitting testimony to prove the

amount of plaintiff's account, because it did not appear by direct averment in any of the numerous petitions or amendments. One of the elements of good pleading is, that the cause of action be set out fully and specifically, and not left to calculation or inference from the statement of other facts. In the cause of Marshall *v.* Alley, 25 Tex., 344, and Kennedy *v.* Morrison, 31 Tex., 217, the court said that, "in an affidavit for an attachment, the balance due must be specifically stated;" that is, it was insufficient merely to state the amount of credits, without directly averring the balance due. See also Salinas *v.* Wright, 11 Tex., 572; Malone *v.* Craig, 22 Tex., 610; Gray *v.* Osborne, 24 Tex., 158.

*Walton, Green & Hill* also for appellants.

The account declared on by the plaintiffs, not being itemized, is not a sufficient bill of particulars to support the allegation, prayer or judgment for foreclosure of a mechanic's lien, and should not have been admitted in evidence, and cannot support the judgment. 2 Pasch. Dig., art. 7112; Tinsley *v.* Boykin, 46 Tex., 598; Phil. on Mech. Liens, sec. 350, pp. 486–7, and sec. 405, p. 550.

*B. D. Davidson & W. O. Davis* for appellees.

The bill of particulars and the affidavit attached to the same was sufficiently certain to secure the lien, and was a substantial compliance with the statute. Pasch. Dig., art. 7112; Phillips on Mech. Liens, secs. 352, 353, 379.

BONNER, ASSOCIATE JUSTICE. — Judgment below was rendered in favor of appellees, Ashbell & Simpson, against appellant, Ferguson, for the sum of $184.53, and enforcing the mechanic's lien.

In the view we take of the case, it does not become material to determine any other question than this, the ruling upon which presents a fundamental error apparent of record, viz.: Was the bill of particulars, by the filing and notice of which the mechanic's lien was attempted to be fixed and secured

under the act of November 17, 1871 (Pasch. Dig., art. 7112), sufficiently certain and specific for this purpose?

The bill of particulars is as follows:

May 6, 1874.

H. C. Ferguson, to Ashbell & Simpson, Dr.

| | |
|---|---:|
| To lumber and material furnished in building house............. | §60 30 |
| To work and labor on said house ............................... | 225 00 |
| To four iron braces........................................... | 2 00 |
| Total................................................... | §287 30 |
| By cash paid......  ........................................ | 115 90 |
| Balance ................................................ | §171 40 |

It is well settled that to fix and secure a statutory mechanic's lien the requisites of the statute must be substantially complied with in every essential particular. Noll *v.* Swineford, 6 Pa. St., 191; Lanman's Appeal, 8 Pa. St., 476; Boykin v. Tinsley, 46 Tex., 592.

One of the most essential requirements of the statute is, that in verbal contracts a bill of particulars shall be filed in the proper office.

If the work was to be performed or the material to be furnished under a special written contract, with specifications and for a sum certain, and the same has been completed, then it is not necessary to set out the items of work performed and materials furnished, further than by the written contract itself. Phillips on Mech. Liens, § 352.

In verbal contracts, however, the terms and specifications of the contract and the amount and value of the work and materials furnished, are made *ex parte*, and should be so specific and certain as to advise the owner of the property, other lien creditors, if any, and all persons interested, of the particulars of the demand sought to be enforced, so that if they desire, they may be prepared to contest the same. Phillips on Mech. Liens, § 350; Noll *v.* Swineford, 6 Pa. St., 191; Lanman's Appeal, 8 Pa. St., 476; Carson *v.* White, 6 Gill (Md.), 27.

In commenting upon the certainty required in such state-

ment under the statute of Pennsylvania, the supreme court of that state say: "It has been felt that the extraordinary remedy afforded by our laws to mechanics and material men requires to be properly guarded, to prevent it from becoming a source of unjust annoyance and injury to those whose property is liable to be made the subject of its action. \* \* \* As the law calls for nothing unreasonable at the hand of him who would fasten an encumbrance upon the property of his neighbor, no just ground of complaint is afforded by insisting upon a rigid adherence to its provisions. The information it exacts is, or ought to be, entirely within the power of the creditor to give, and an omission to put it on the record is, therefore, without excuse. Rehrer *v.* Zeigler, 3 Watts & Serg., 258; Thomas *v.* James, 7 Watts & Serg., 381; Witman *v.* Walker, 9 Watts & Serg., 186. Indeed, the great object of the statute in pointing out the characteristics of the statement to be filed, would, in the end, be utterly defeated, were we to indulge the laxity of practice which ignorance and carelessness conspire to introduce and perpetuate." Noll *v.* Swineford, 6 Pa. St., 191.

Our statute does not prescribe the requisites of the bill of particulars, and although no precise rule can be laid down which would apply to every case, it may be safe to say that it should be reasonably certain as to the character and amount of materials furnished and the work performed, the dates and place when thus furnished and performed, and the value of the same.

In Bouvier's dictionary, title Bill of Particulars, it is said to be an account of the items of the claim, and shows the manner in which they arose; and that it should be as full and specific as the nature of the case admits in respect to all matters as to which the adverse party ought to have information.

Perhaps as a practical general rule, no better test can be applied than that usually made by the courts in deciding upon special demurrer, the insufficiency, as to certainty of time, place, kind, quantity and value, of a petition upon a *quantum meruit*, for materials furnished and work and labor done and performed.

Tested by these rules, the bill of particulars under consideration was not sufficiently certain and specific to fix and secure the mechanic's lien.

Although upon the trial, as in this case, the petition might be amended in this respect, yet this can be for the purpose of a personal judgment only, but not to fix and secure the lien, which depends upon a substantial compliance with the material requisites of the statute in the first instance.

There was error in so much of the judgment below as gave the mechanic's lien, and to this extent it is reversed and reformed, and affirmed as to the personal judgment; the costs in and about this appeal incurred to be taxed against appellees.

JUDGMENT REFORMED.

[Opinion delivered April 20, 1880.]