[Opinion delivered March 8, 1881.]

------

## J. F. FICKLIN v. J. W. McCARTY.

(Case No. 1311.)

1. LIEN OF JUDGMENT.— A judgment was rendered October 8, 1874, on which no executions issued between April 10, 1875, and April 15, 1878. *Held*, that the judgment constituted no lien on the property of the judgment debtor. The judgment was not dormant, but its lien was lost.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

The opinion states the case.

*W. J. Darden,* for appellant.

*Foard & Thompson,* for appellee.

MOORE, CHIEF JUSTICE.—It was held by the court below, as shown by bill of exceptions, that though more than three years had elapsed between the issuance of executions on the 10th of April, 1875, and on the 15th of April, 1878, the judgment rendered October 8, 1874, was still a lien on the property of the defendant in execution. This ruling is in direct conflict with the law, as held by this court in the case of Barron *v.* Thompson (3 Tex. Law Journal, p. 755), and necessarily requires a reversal of the judgment.

The court seems to have failed to observe the distinction which exists between diligence which prevents a judgment from becoming dormant, so that it will not warrant the issuance of an execution, and that which is necessary to preserve its lien. There can be no pretense that this judgment was dormant at the issuance of its last execution, but on the other hand it is clear that no diligence had been used to preserve its lien. And if the land in controversy was subject to sale in satisfaction of the judgment under this execution, it is because of the fact that appellant was not a *bona fide* purchaser for value, and not because of an existing lien at the date of the levy.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 8, 1881.]