# SUPREME COURT OF TEXAS.

## AUSTIN TERM.

---

### JAMES LEE v. M. C. O'BRIEN.

(Case No. 3817.)

1. MECHANIC'S LIEN.— In order to enable one to avail himself of the benefits of the statute regulating mechanics' liens (Laws of 15th Leg., 91), he must show by competent evidence that the bill of particulars was recorded and a copy thereof served on the party owing the debt. To fix the lien the provisions of the statute must be complied with in every essential particular.

APPEAL from Parker. Tried below before the Hon. J. A. Carroll.

*Joe H. Stewart*, for appellant.

BONNER, ASSOCIATE JUSTICE.—Appellee, M. C. O'Brien, plaintiff below, sued appellant, James Lee, upon a verbal contract of date September 1, 1877, for the value of certain work and labor done and performed, and materials furnished him in the construction of the foundation walls of a house on lot 4, block —, in the town of Weatherford, and to enforce a mechanic's lien on the lot and materials.

On the trial below, O'Brien recovered judgment for the debt and also enforcing the lien.

Among other assigned errors is one substantially, that O'Brien failed to show that Lee had been served with a copy of the bill of particulars, as required by the statute providing for and regulating mechanics' liens. Laws 15th Leg., 91.

This was also one of the grounds in the motion for new trial.

Although the petition alleged such service, the statement of facts fails to show that it was proven on the trial.

It is a well established rule of construction, that the provisions of the statute must be complied with substantially in every essential particular, to fix a statutory mechanic's lien. Ferguson *v.* Ashbell, 53 Tex., 245.

In the recent case of Lee *v.* Phelps, decided at present term, which arose under the same statute, it was decided that, to entitle the plaintiff to avail himself of the lien, he must show by competent evidence that the bill of particulars was recorded and a copy served on the party owing the debt.

To the same effect is the case of Pool *v.* Sandford, 52 Tex., 620.

Under the testimony, the court erred in rendering judgment enforcing the alleged mechanic's lien.

It does not become necessary to pass upon the other assigned errors.

REVERSED AND REMANDED.

[Opinion delivered April 8, 1881.]