JOHN T. SEDGWICK v. J. K. PATTERSON ET AL.

(No. 3358.)

LIEN, MECHANIC'S — PLEADING.— A petition is bad on demurrer and special exceptions where it fails to allege that the plaintiff had caused the bill of particulars to be recorded.

JURISDICTION.— District courts, up to April 18, 1876, had jurisdiction of all sums over $100.

APPEAL from McLennan county. Opinion by WALKER, J.

STATEMENT.— This suit was filed on the 14th of April, 1876. Plaintiff in error, who was plaintiff in the court below, brought suit at the April term, 1876, in McLennan county district court, on an open account for lumber, labor and material furnished to the defendant in error (Patterson) to repair his residence at Waco, which account had been sworn to, filed with the clerk of the district court, then recorder, in pursuance of the law to fix and secure mechanic's lien, amount of the account being $398.67.

The original petition prayed for judgment for the amount of the account, interest and costs, and that the lien be foreclosed, with an order to the sheriff to sell the said residence to satisfy judgment. The defendant (Patterson) answered by special and general demurrer to plaintiff's petition, all which upon the hearing the court sustained and dismissed the cause for want of jurisdiction, the amount in controversy being under $500. Plaintiff excepted to the rulings and judgment of the court below, and now brings the judgment into this court on error for revision.

Opinion.— The plaintiff alleged that he fixed and secured his lien by filing a duplicate copy of the bill of particulars under oath with the clerk of the district court of McLennan county on the 3d day of December, 1874, and by serving a copy of the same on defendant Patterson as required by law. The special demurrer and exception of the defendant Corlew to the plaintiff's petition is that there is no averment contained in it that plaintiff's said claim, and notice of claim lien, was ever recorded in the proper office of McLennan county. Article 7112, Paschal's Digest, provides for fixing and securing liens; statutes must be complied with in every particular. 53 Tex., 245; 54 Tex., 370; 52 Tex., 620.

The allegation that the account had been filed with the district clerk is not equivalent to, nor does it supply the want of, the allegation that he had caused it to be recorded. "The requisites of the statutes are necessarily descriptive of the lien, and if omitted in the pleadings should subject them to demurrer." Pool v. Sanford, 52 Tex., 634.

There was no error in sustaining the exceptions, so far as relates to the sufficiency of the petition in setting up a valid lien.

The court erred in sustaining the petition as a cause of action for the money alleged to be due, and dismissing the cause, because the amount in controversy was less than $500. When the suit was brought the district court had jurisdiction of all sums over $100. The jurisdiction of that court was extended to $500 by the constitution of 1876, which took effect on the 18th of April, 1876. See sec. 27, art. 5, Constitution. This cause was tried on June 13, 1876, and on June 16, 1876, a statute was enacted transferring to the county courts from the district courts the cases contemplated by the constitution, which took effect from its passage.

It was error to dismiss the cause; if the district court had no jurisdiction the county court certainly did have, and it should have been transferred to that court.

Judgment reversed and cause remanded to the district court for further proceedings in accordance with this opinion, directing the district court to transfer this cause to the county court, unless by proper amendment the plaintiff may be able to show that he has fixed and secured the lien which he relies on.

REVERSED AND REMANDED.