## JOHN T. SEDGWICK v. J. K. PATTERSON ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Mechanic's lien—Pleading.*—A petition is bad on demurrer and special exceptions where it fails to allege that the plaintiff had caused the bill of particulars to be recorded.

*Jurisdiction.*—District courts, up to April 18, 1876, had jurisdiction of all sums over $100. Suit for $398, brought in the district court April 14 and tried June 13, 1876, was improperly dismissed, but should have been continued, pending legislation under Constitution of 1876 for the transfer of such cases to the county court.

Appeal from McLennan county.—This suit was filed on the fourteenth day of April, 1876.

Plaintiff in error—who was plaintiff in the court below—brought suit to the April term, 1876, in McLennan County District Court, on an open account for lumber, labor and material furnished to the defendant (Patterson) in error to repair his residence at Waco; which account had been sworn to, filed with the clerk of the district court, then recorder, in pursuance of the law to fix and secure mechanic's lien, amount of the account being $398.67.

The original petition prayed for judgment for the amount of the account, interest and costs, and that the lien be foreclosed, with an order to the sheriff to sell the said residence to satisfy their judgment.

The defendant (Patterson) answered by special and general demurrer to plaintiff's petition, all which, upon the hearing, the court sustained and dismissed the cause for want of jurisdiction, the amount in controversy being under $500. Plaintiff excepted to the rulings and judgment of the court below, and now brings the judgment into this court on error for revision.

The plaintiff's account sued upon was for lumber, shingles, sash, door frames, etc., alleged to have been sold and delivered to the defendant (Patterson) during the months of October, November and December of the year 1874.

The petition made Thomas J. Corlew a defendant, alleging that the latter had become the owner by purchase of the premises referred to.

Opinion by Walker, J.—The plaintiff alleged that he fixed and secured his lien by filing a duplicate copy of the bill of particulars, under oath, with the clerk of the District Court of McLennan county on the thirtieth day of December, 1874, and by serving a copy of the same on the defendant Patterson, as required by law.

The special demurrer and exception of the defendant Corlew to the plaintiff's petition is, that there is no averment contained in it that plaintiff's said claim, and notice of claim of lien, was ever recorded in the proper office of McLennan county.

Article 7112, Paschal's Digest, provides for fixing and securing a lien of this character as follows:

"In order to fix and secure the lien herein provided for, the contractor, mechanic, laborer or artisan furnishing material shall have the right, at any time within six months after such debt becomes due, to file his contract in the office of the district clerk of the county in which such property is situated, and cause the same to be recorded in a book to be kept by the district clerk for that purpose. * * * When such contract is filed *and recorded*, it shall be deemed sufficient diligence to fix the same from the date it is filed for record, and secure the lien herein provided."

It is the well established doctrine of our Supreme Court, that to fix the lien under the act in question, and similar statutes having relation to the same subject, enacted since that of 1871, that the provisions of the statutes which fix and secure the lien must be complied with in every essential particular. (Ferguson v. Ashbell, 53 Texas, 245; Lee v. Phelps, 54 Texas, 370; Lee v. O'Brien, Ibid, 636; Poole v. Sandford, 52 Texas, 620.)

Unquestionably, under our decisions, where "material-men"

comply with the terms prescribed by the above quoted statute, they are entitled as fully to the benefits of the act 'as were "mechanics and artisans," under the constitutional protection which was con-ferred upon them by section 47 of article 12 of the Constitution of 1869, "material-men" not being embraced by that section, but provided for under the statute which has been quoted. (Huck v. Gaylord, 50 Texas, 578.)

Both the act of 1871 and that enacted in 1876 (Laws Fifteenth Legislature, 91), regulating mechanics liens, etc., contained, in sub-stance, the same provisions, as to the requisites to fix and secure the lien, contemplated by those statutes respectively.

A reference to the cases which have been cited (Lee v. Phelps, Lee v. O'Brien, Ferguson v. Ashell, and other cases which might be added), show a consistent enforcement by the Supreme Court of the rule that the right to the lien depends on a substantial compli-ance with the statute which confers it.

. Lee v. Phelps, *supra*, and Lee v. O'Brien, *supra*, construing the act of 1876, held it to be essential in order to secure an artisan's or mechanic's lien, that a copy of particulars should be delivered to the debtor, notwithstanding that the plaintiff's account or bill of particulars, with the affidavit thereto, had been duly filed and re-corded by the clerk of the county court, in compliance with the statute then in force. The statute gives the lien upon the perform-ance of two essential acts, viz., the service upon the party owing the debt, with the copy of the bill of particulars, and the filing and recording of the contract or account. Both of these acts must be done in substantial compliance with the statute, or else this construc-tive or artificially formed contract or obligation created by the law and denominated a lien cannot exist. The lien is not created by the contract of the parties, but when it exists at all, is the creation of the statute, and exists upon the conditions prescribed for its forma-tion and its continuation.

The plaintiff, in his petition, alleges that on the the thirtieth day of December, 1874, he did fix and secure his lien upon said premises for said labor, lumber, and material, by filing a duplicate copy of the bill of particulars, under oath, with the clerk of the dis-trict court, and serve a copy on Patterson as required by law. The account duly sworn to on the thirtieth of December, 1874, with service accepted by J. K. Patterson, is attached as an exhibit to the plaintiff's petition, without a file-mark of the district clerk, or certi-

ficate of registration thereof, or any other indication upon it, that the same had been recorded, or had been filed for record.

The allegation of the petition just now quoted does not allege that the account or bill of particulars had, in fact, been recorded, or had been filed *for record.* The allegation that it had been filed with the district clerk is not equivalent to, nor does it supply the want of, the allegation that he had caused it to be recorded.

"The requisites of the statutes are necessarily descriptive of the lien, and if omitted in the pleadings, should subject them to demurrer." (Poole v. Sandford, supra, 634.)

We think that the petition was obnoxious to the defendant's demurrer; that the requisites prescribed by the statutes are declaratory of what shall be sufficient to fix and secure the lien, and that the petition failing to allege that the plaintiff had caused the bill of particulars to be recorded, it was subject to the demurrer and special exceptions filed by the defendant (Corlew).

The statute extends to the beneficiaries of it six months after their cause of action for the debt may have accrued within which to file and record a contract or account, as the case may be, and it extends the benefit of the lien to an indefinite period beyond that limited period by fixing and securing the lien, provided the creditor shall comply with the conditions of law as they have been stated.

The language used by the statute seems to contemplate that the performance by the creditor of those things required, in order to fix and secure the lien, are to be finished and completed within the time specified; that time is made by the law the essence of the privilege offered by the statute, and that laches or want of diligence to do those things required within the time required will discharge the lien.

The statute says: "When such contract or account is filed and recorded, it shall be deemed sufficient diligence to fix the same from the date it is filed for record and secure the lien herein provided."

The fair implication from the language used in connection with a preceding clause of the same section, prescribing for the recording aforesaid, is that the lien shall not be deemed to be fixed and secured until the proper record or registry has been made.

We conclude that there was no error in sustaining the exceptions, so far as relates to the sufficiency of the petition in setting up a valid lien. It may be competent, by amendment, to allege facts

showing that the plaintiff has secured and fixed the lien on which he relies; if so, however, he ought to have asked leave of the court to amend when the demurrer was sustained, which, so far as the record shows, he failed to do.

In Tinsley v. Boykin, decided at Galveston at the recent session of the Supreme Court (1882), it was held that the want of evidence to show that the contract under which the mechanic claimed a lien had ever been recorded was decisive against the judgment in favor of the mechanic fixing and securing his alleged lien. In that case the plaintiff alleged that he had fixed and secured the lien by causing the contract to be recorded, but, as the evidence failed to show that the contract had been recorded, it was held that the judgment, so far as it foreclosed the lien, was not supported by the evidence. The suit was between the original parties to the contract, and to foreclose the plaintiff's alleged lien upon the defendant's. homestead.

The court erred in sustaining the petition as a cause of action for the money alleged to be due, and dismissing the cause, because the amount in controversy was less than $500. When the suit was brought, the district court had jurisdiction of all sums over $100. The jurisdiction of that court was extended to $500 by the Constitution of 1876, which took effect on the eighteenth day of April of that year.

Section 27, article 5, Constitution, provides "That the Legislature shall, at its first session, provide for the transfer of all business, civil and criminal, pending in the district courts, over which jurisdiction is given by this Constitution to the county courts or other inferior courts to such county or inferior courts, and for the trial or disposition of all such causes by such county or inferior courts." The Constitutiotion conferred on the county courts jurisdicttion over sums between $200 and $500.

This cause was tried in June, 1876. The Constitution provided that the first session of the ensuing Legislature should begin on the eighteenth day of April, 1876. It did convene accordingly, at that time, and was in session at the date of the rendition of the judgment in this case during the session. The judgment was rendered June 13, 1876, and on June 16, 1876, the Legislature, in compliance with the section above quoted from the Constitution (Acts Fifteenth Legislature, 1876, sec. 7, p. 19), enacted a statute transferring to the county courts from the district courts the cases contemplated by the Constitution, which took effect from its passage.

It was error to dismiss the cause; if the district court had no jurisdiction the county court certainly did have, and it should have been transferred to that court.

If the Legislature even had not acted upon the subject matter at as early a period of the session as it did do, the court, nevertheless, ought rather to have continued a cause subject to be transferred to the county court, until the Legislature should have acted, thus preserving the rights of litigants, rather than to dismiss such causes.

Such a course would manifestly be in accordance with the exercise of proper judical discretion, under the peculiar state of things which existed under the transition the State was passing through in its accommodation to a new constitution which had effected fundamental changes in the jurisdiction of the courts.

We are of the opinion that the judgment ought to be reversed and cause remanded to the district court for further proceedings in accordance with this opinion, directing the district court to transfer this cause to the county court, unless, by proper amendment, the plaintiff may be able to show that he has fixed and secured the lien which he relies on.