## HARDIN v. McCARTHY.

### No. 7814.

Court of Civil Appeals of Texas. Austin.

Dec. 6, 1932.

Rehearing Denied Jan. 11, 1933.

W. Marcus Weatherred, of Coleman, and Oxford & McMillan, of Stephensville, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J.

Appellant sued Joe McCarthy, as contractor, and Globe Indemnity Company, as surety on McCarthy's bond, for a balance of $2,000 due on material furnished McCarthy in the prosecution of his contract with the city of Coleman to pave a part of Neches street; and sued the city of Coleman for alleged wrongful payment of the contract price of the pavement after appellant had filed his affidavit and itemized account attempting to fix a lien upon or impound the funds due McCarthy on his contract. On the trial to the court without a jury appellant recovered judgment against McCarthy as prayed, but was denied judgment against the Globe Indemnity Company and the city of Coleman upon two grounds:

1. Because the suit on the bond was not commenced within one year after the performance and final settlement of the contract in which the material was used as required by article 5162.

2. Because the affidavit and itemized account filed for record were either filed too late or were so defective as to be insufficient to fix a lien upon or impound the funds due McCarthy on his contract.

■ With respect to the limitation question, the record shows that McCarthy's contract with the city of Coleman was evidenced by one written instrument which provided that the paving be done under four separate units or contracts, known and designated as unit or district Nos. 16, 17, 18, and 19. Each unit or district specifically defined or described its boundary, or the exact location on Neches street where the paving was to be done; and other pertinent portions of the written instrument read as follows:

"IV. The undertaking of the Contractor as to the making and construction of the improvements in each Unit is separate, independent, and distinct from its undertaking as to the making and construction of the improvements in the other Units, all to the same extent and as fully as if entirely separate contracts were made, executed and entered into for each District or Unit, and assessments for improvements in one Unit shall in no wise be affected by any matter or fact in anywise connected with any other Unit."

"VIII. The City agrees that it will, upon completion and acceptance of the said improvements in a particular Unit, cause to be issued to the Contractor assignable certificates evidencing the assessments levied against the property abutting upon such improvements, setting forth the amount to be paid by each parcel of abutting property."

"X. Whenever the improvements in a particular unit or district have been completed and accepted by the City all retained percentages on estimates of the amount due by the City for the improvements in such Unit shall be paid to the Contractor."

The effect of these provisions was to make the undertaking between the city of Coleman and McCarthy four separate and independent contracts for the paving of the street in question. Each unit or contract was specifically described as to location of the paving, and each unit or contract was complete in itself as to the plans and specifications for the paving; as to the assessment of the abutting property owners for their share of the paving costs; as to the amount of the contract price; and as to the completion and final acceptance of the paving and the final settlement of the contract price. Each unit or contract could be fully and completely performed without reference to the other units or contracts, and the contracting parties so construed and performed each unit or contract.

The agreed facts show that all materials furnished by appellant, except 60 sacks of cement valued at $51 and used in unit No. 19, were used by McCarthy in the construction of the pavement in units Nos. 16, 17, and 18. That units Nos. 16, 17, and 18 were completed and accepted and paid for in full by the city of Coleman on or before January 2, 1930. That thereafter, on March 3, 1930, appellant filed his affidavit and itemized account, and on the same day mailed the city of Coleman a copy of his account, and gave notice of his claim. That no suit was filed on the bond by the city of Coleman within six months, as provided for in article 5161, and that appellant filed this suit November 30, 1931, nearly two years after the performance, acceptance, and final settlement of the contracts for paving units Nos. 16, 17, and 18. It is therefore manifest that this suit on the bond, executed in accordance with the requirements of article 5160, as amended by Acts 1929, c. 226, § 1 (Vernon's Ann. Civ. St. art. 5160), was, except as to the $51 item for cement, barred by article 5162, which provides that, when suit is brought by a creditor on such bond, it "shall be commenced within one year after the performance and final settlement of said contract, and not later."

Appellant contends, however, that, since the bond only covered by reference the one written contract, and was for a sum aggregating the total percentage of all four units of the contract, the bond and contract were therefore one indivisible obligation which continued until the last unit, No. 19, was fully performed, accepted, and final settlement made on May 25, 1931; and that, since this suit was filed November 30, 1931, it was within the statutory period. We do not sustain this contention. It is true the bond is for the aggregate sum of all units, but that fact does not render it or the contract indivisible. Each unit or contract was complete within itself as to the amount of the contract price of the paving. It would therefore require only a simple mathematical calculation to apportion the bond obligation to each separate unit or contract for the paving. The parties took great care in making plain their intention to perform the undertaking as four separate and distinct contracts, and so executed them.

■ The contract and the statutory bond required by article 5160 must be construed together in determining the liability on the surety bond for material furnished. Appellant was therefore charged with notice that McCarthy's agreement was to pave the street under four separate and independent contracts; and he was also charged with the duty of informing himself as to what amount of his material was used in each contract, and as to when each contract was completed, accepted, and the final settlement made. And since the agreed facts show that units or contracts 16, 17, and 18 were completed and the final settlement made more than one year before appellant filed this suit, it is barred by article 5162, supra, as to claims for material furnished in those contracts.

We have also reached the conclusion that the affidavit and itemized account attempted to be filed by appellant was filed too late as to most of the account, and were so defective in other respects as to be ineffective as fixing liability on the bond, or as impounding or fixing a lien upon any funds due by the city of Coleman to McCarthy on his contracts. Many defects in the affidavit and account are shown by the record, but the following will suffice here:

■ 1. As above pointed out, the contract and bond obligations to pave the street were performable in four separate contracts, and appellant should have shown in his affidavit and itemized account the character and amount of material furnished in each of the contracts. This they did not do, and such failure to do so precludes a recovery of any item of the account. Metropolitan Casualty Ins. Co. v. Cheaney (Tex. Civ. App.) 32 S.W. (2d) 691; article 5160, as amended by Acts 41st Legislature (1929), p. 481, c. 226, § 1 (Vernon's Ann. Civ. St. art. 5160); articles 5472a and 5472b, Vernon's Ann. Civ. St.; and articles 5455 and 5456, R. S. 1925.

■ 2. It appears from the itemized account that items aggregating $583.60 were furnished more than 90 days before the affidavit and account were filed for record. Article 5160, supra, provides that such affidavit and account shall be filed "within ninety days after date of delivery" of the material.

■ 3. The agreed facts show that all the material furnished by appellant, except the $51 item of cement, was used in the construction of units Nos. 16, 17, and 18, but it was not shown the amount used in each unit; and that these three units were performed, accepted, and final settlement made in accordance with the terms of the contract on or before January 2, 1930. The affidavit and account of appellant, and notice thereof, were not filed or given until 60 days later, on March 3, 1930. It is therefore manifest that the affidavit and account as to these three units were filed too late, and the city of Coleman, having fully settled the contract price of these units before the affidavits were filed or notice given, did not wrongfully or unlawfully pay out same after notice of appellant's claim as charged by him.

■ 4. Article 5160 provides that the account shall be itemized as required by the mechanic's lien statutes (articles 5455 and 5456, R. S. 1925). The account is not sufficiently itemized as to the following:

| | |
|---|---|
| 12/3/20 (car cement #ATSF 43152 | $732.50 |
| 12/3/29 (car cement #ATSF 42437 | 732.50 |
| (car cement #ATSF 42737 | 732.50 |
| 12/5/29 (car cement #ATSF 12378 | |
| & 1,000 cloth bags | 732.50 |

The following authorities hold similar itemization to be insufficient to fix and secure a statutory mechanic's lien: Ferguson v. Ashbell, 53 Tex. 245; Lee v. O'Brien, 54 Tex. 635; James v. St. Paul's Sanitarium, 24 Tex. Civ. App. 664, 60 S. W. 322; Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1063; McClellan v. Haley (Tex. Com. App.) 250 S. W. 413; 18 R. C. L. 926. These cases hold that the lien is wholly involuntary, and that, in order to fix and secure same, the requisites of the statute must be complied with in every essential particular; and that such statutes are given the strictest construction.

Since no part of the account of appellant is recoverable for the reasons stated, we affirm the judgment of the trial court.

Affirmed.