## C. B. LEE & CO. v. WM. W. PHELPS.

(Case No. 1213.)

1. MECHANICS' LIENS — STATUTE CONSTRUED.— Under the act of 1876, in order to fix and secure an artisan's or mechanic's lien, it was essential that a copy of the bill of particulars should be delivered to the debtor, and in seeking to foreclose the bill, the burthen of proof was upon the party asserting its existence to show that the bill of particulars had been thus delivered.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit by Phelps against Ward & Dewey, to foreclose a deed of trust that they had executed on the "Lake Jackson Plantation" in Brazoria county.

Appellants, C. B. Lee & Co., were made parties defendant, under the allegation that they had or claimed to have an interest in, or lien upon, the mortgaged premises, or a part thereof, which lien or interest, if any, accrued subsequent to the lien of plaintiff, and hence was subordinate thereto.

Appellants answered that they were artisans and mechanics, doing business as such in Galveston; that, as such, at divers dates they sold, furnished and delivered to Ward & Dewey, owners and possessors of "Lake Jackson Plantation," material, machinery and fixtures, for a sugar mill on the same, and attached a bill of particulars aggregating the sum of $539.50. They averred that the machinery and fixtures were used in improvements on the plantation, and are still erected and used thereon; that on the 20th day of April, 1878, they fixed and secured their lien in manner and form as authorized by the statute in such cases upon the material and fixtures.

They asked for judgment against Ward & Dewey, and against all parties at interest for a foreclosure of their lien.

Appellee Phelps replied to this answer alone by general denial.

The case was tried by the court without a jury.

Appellants, to support their claim to the lien, introduced their account or bill of particulars, with the affidavit thereto, and the file mark and certificate of the record of the same, by the clerk of the county court of Brazoria county, all of which was regular and in compliance with the statute then in force. However, they did not introduce any evidence showing that a duplicate copy of the bill of particulars had ever been furnished or delivered to Ward & Dewey, their debtors.

The court gave appellants a judgment against Ward & Dewey for their debt, but held that the lien was not established, and adjudged that the same be cancelled. C. B. Lee & Co. appealed and assigned the following error, to wit:

"That the district court erred in denying them the lien, and in not rendering judgment for the foreclosure thereof upon the materials mentioned and described in the bill of particulars attached to their answer."

*E. P. Hill*, for appellants.

*Baker & Botts*, for appellee.

WATTS, COMMISSIONER.— The rights of the parties with regard to the lien claimed by appellants must be determined under the provisions of the act of 1876. The account accrued and the bill of particulars was filed and recorded prior to the time when the Revised Statutes took effect. And, therefore, this decision does not involve a construction of said statutes or an application of the primary rule of construction provided therefor. See R. S., Final Title, sec. 3.

The questions presented by the assignment of error and appellants' brief, are these: Is it essential to fix and secure the lien, that a copy of the bill of particulars should be

delivered to the debtor? And in seeking to foreclose the lien, is the burden upon the party asserting the same, to establish the delivery of the bill of particulars to the debtor?

The act of 1876, in substance provides that any artisan or mechanic who shall furnish material, machinery or fixtures, etc., to erect any house or improvement, or to repair any building or any improvement whatever, shall have a lien on such house, building, fixtures or improvements, etc. And it further provides that, in order to fix and secure the lien, the party furnishing the material or machinery, etc., shall have the right, at any time within six months after the debt becomes due, to make a duplicate copy of the bill of particulars, under oath; one to be delivered to the clerk of the county court, etc., to be filed and recorded in a book to be kept by him for that purpose, and the other copy to be furnished to the party owing the debt. It is further provided, that "when such account is filed and recorded, it shall be deemed sufficient diligence to secure the lien herein provided."

The constitution declares the lien, but it is left to the legislature to provide for and regulate its enforcement. In doing so the legislature has provided that the party may at any time before the expiration of six months from maturity of the debt, fix and secure the continuance of the lien, and place the same in condition to foreclose, by making the duplicate copy of the bill of particulars under oath, and causing one to be filed and recorded, and the other to be delivered to the debtor. It follows as a natural consequence, that unless the artisan or mechanic complies with these requisites of the statute, his lien is not fixed and secured; and after the expiration of the time prescribed, the lien is barred, and cannot be made effective. We see no reason why it is not just as competent for the legislature to prescribe this limitation, as any other limitation for debts and demands.

The acts required to fix and secure the lien under the statute, are in the nature of an *ex parte* proceeding to fix and fasten a lien upon a man's property, not created by express contract, and therefore every requisite of the statute must be at least substantially complied with, and a failure to thus comply upon the part of the lien-holder is fatal to the same.

It follows from this construction of the act, that the party who asserts the lien must, before he is entitled to a foreclosure of the same, show by competent evidence a compliance with the statute, in recording the bill of particulars, and delivering a copy thereof to his debtor.

Nor do we think that the latter clause of section one, quoted above, relieves a party from delivering to the debtor a copy of the bill of particulars. There is no rule of construction better established, than that the whole act must be taken, read and construed together. In thus construing the act, we have no hesitancy in saying that the legislative intent is that the account must be recorded and the notice of the assertion of the lien given to the debtor in the mode therein prescribed.

We are of the opinion that the judgment ought to be affirmed.

                                                    AFFIRMED.

[Opinion delivered March 8, 1881.]