MURPHEY & BROCKELMAN v. SAMPSON HEIDENHEIMER.

(No. 822.)

MECHANIC'S LIEN, HOW ACQUIRED.— To fix and secure lien, party asserting it must show a substantial compliance with the statutes in every essential particular.

APPEAL from Galveston county. Opinion by WATTS, J.

STATEMENT.— On May 28, 1875, appellants brought this suit against appellee to recover the sum of $432.12 on account, and to foreclose a mechanic's lien upon the house and lot

described in the petition. The substance of the case as made by appellants is this: That appellee, during the latter part of the year 1374 and January; 1875, was having a large hotel erected on the lot described in the petition; that he purchased the material charged in the account sued on from appellants, and had the same used in erecting and completing the building; and also, at his request they did the work specified in the account upon said building; that they filed with the clerk a sworn copy of the bill of particulars and caused the same to be recorded, and served a copy thereof upon appellee, and thereby fixed and secured their mechanic's lien upon the house and lot. By amendment it is alleged that the material was furnished and the work was done by the authority of appellee and for his use and benefit.

June 11, 1875, appellee answered by general and special demurrer, and also general denial, and specially denied that the material was furnished and the labor done at his request, and, specially answering, says that he is not indebted to appellants in any sum whatever, and that if they furnished the material and performed the labor on the building charged for in the account sued on, that it was done without his authority or consent; that at some time appellants did furnish material and do labor upon the hotel prior to January, 1875, for him, and that, to wit, January, 16, 1875, he paid them therefor and held their receipt; and denies that there is any lien upon the building by reason of appellants' pretended claim.

October 20, 1876, the cause was tried and resulted in a verdict and judgment for appellee, from which this appeal was taken.

The errors relied on are:

1. The court erred in refusing charges asked. 2. The court erred in a portion of the charge, in this, that the jury are, in effect, told that if the evidence showed that appellee and Shisa & Orfila were partners in the hotel building, then that

appellee would not be individually liable for the debt. 3. The court erred in the entire charge. 4. The court erred in overruling the motion for new trial.

The evidence did not show that a partnership existed between appellee and Shisa & Orfila.

The motion for new trial was mainly based upon the ground of newly discovered evidence, to wit, a written contract between appellee and Shisa & Orfila to the effect that appellee agreed and bound himself to pay all debts against the building, claiming that they had discovered this testimony for the first time upon the trial from one of their own witnesses.

OPINION.— To fix and secure a mechanic's lien it is incumbent upon the party asserting the lien to show a substantial compliance with the statute in every essential particular. Ferguson v. Ashbell, 53 Tex., 245. Not only must the bill of particulars be recorded, but a copy of the same must be served upon the party owing the debt, and the burden is upon the party asserting the lien to show that this has been done. Lee v. O'Brien, 54 Tex., 367.

By the allegations in the petition the debt sued on is claimed to have been contracted by appellee, and he is sued alone, while the evidence shows that the debt was contracted by Shisa & Orfila, and charged to them on the books of the appellants.

Admitting that a debt contracted by a co-owner of property for improvements upon it would constitute a lien upon the property, this would not render the co-owners individually liable for the debt in the absence of evidence showing authority to contract the debt. It is manifest from the record that the debt sued on was the individual indebtedness of Shisa & Orfila, and to fix and secure a lien upon the property the statute must be fully complied with, which the record fails to show, in this, that service was had upon appellee but not upon Shisa & Orfila. Under the facts of this case, considered in the most favorable light

for appellants, there was no lien fixed and secured upon the property. Considering the evidence disclosed by the record, the conclusion is irresistible that credit was not extended to appellee, but that the claim sued on was the individual indebtedness of Shisa & Orfila. However, had appellants proceeded according to the statute and served Shisa & Orfila with a copy of the bill of particulars, the lien would have been secured and property would have been bound. This, however, would not make appellee liable for the debt. As there was no lien to foreclose, and no individual debt against appellee, this suit as brought could not be maintained against him.

AFFIRMED.