## No. 2511.

### SABINE & EAST TEXAS RAILWAY COMPANY v. MAISE BROUSARD.

1. DEPOSITIONS.—The only method by which it can be known that what appears to be the answers of a witness taken through written interrogatories and a commission within the meaning of the law, are such anwers, is by the certificate of the officer to the fact that the answers of the witness were *signed* and *sworn* to by *the witness* before him. The certificate of the officer must show that what purports to be the answers of the witness, became such by his signing and swearing to them before such officer. Unless this is shown, the depositions are not admissible in evidence.

2. PLEADING.—Though the facts upon which a recovery is sought may be stated with more minuteness of detail than is necessary, this ordinarily, will not render the plea subject to demurrer.

3. EVIDENCE.—The opinion of a witness as to questions of time, quantity, number, distance and the like, when it is shown that he was in position, and had the means of forming an intelligent estimate, is sometimes admissible as the best evidence that can be obtained.

4. MEASURE OF DAMAGES.—Though the measure of damages for the destruction of grass caused by an obstruction alleged to have been erected by defendant, which prevented the natural flow of water, is the value of the grass when the overflow occurred; yet when the overflow is of such long duration as to destroy the use of the land for pasturage and prevent thereafter the growth of grass, that fact may be considered as an element of damage.

5. DAMAGES FROM OVERFLOW.—If a structure placed over a stream does not obstruct the natural flow of water, except in an extraordinary flood which could not be anticipated by any ordinary prudence, no damage can be recovered for an injury from an overflow.

6. CHARGE OF THE COURT.—A charge of the court which, in addition to giving the law applicable to the case, proceeds to suggest the methods by which the jury may estimate in reaching their conclusions under the law as charged, is error.

APPEAL from Hardin. Tried below before the Hon. Edwin Hobby.

Appellee sued appellant for damages from an overflow of water, caused in the month of January, 1885, and continued into May following, as alleged, by the negligent construction in 1881 and 1882, by appellant, of an embankment for its road bed, without such culverts, or sluices, as the natural lay of the land

required, whereby his pasture lands were overflowed for four months, or more, and his cattle and horses injured and destroyed to his damage, as follows:

| | | |
|---|---:|---:|
| Ten head of saddle horses valued at...............$ | 350 | 00 |
| Thirty head of mares................................ | 300 | 00 |
| Three hundred head of cows with their calves....... | 7,500 | 00 |
| One hundred and fifty head of two year old cattle... | 2,100 | 00 |
| One hundred and fifty yearling cattle............... | 1,500 | 00 |
| And that the grass on 11,520 acres of land was totally destroyed for eight months to his damage......... | 15,360 | 00 |
| And on 4000 acres of his land for twelve months, to his damage........................................ | 2,666 | 66⅔ |

Verdict and judgment rendered against appellant for fourteen thousand six hundred and twenty-seven dollars and twenty-eight cents.

The first assignment of error is as follows, to wit: The court erred in refusing to exclude the depositions of plaintiff's witnesses, Bradley Johnson, John Johnson and Thomas Cuniff, filed herein on the seventh day of April, 1887, on motion and objections of defendants. See bill of exceptions number 3 (transcript 63), and first ground of motion for new trial (transcript 52.)

The following question was put to witness, Benjamin J. Johnson, to wit: "How many cattle altogether died during January, February and March, 1885?" To which the witness answered as follows: "I can not estimate the number exactly. I am satisfied there were fully five hundred head altogether, from what I saw in plaintiff's pasture dead. I am satisfied their death was caused by the water being backed up over the land by the railroad." The question and answer were objected to. The principles announced in the opinion will receive no aid from further notice of the voluminous transcript.

*O'Brien & John,* for appellant: That the depositions of the three witnesses referred to in the opinion should have been excluded, cited Rule 2, for District Courts; 47 Texas, 615; Wells v. Fairbanks, 5 Texas, 583–586; Van Alstyne v. Bertrand, 15 Texas, 178; Oliver v. Chapman, 15 Texas, 402–406; McCauley v. Long & Co., 61 Texas, 79; Seligson v. Hobby, 51 Texas, 147.

That the opinion of the witness Johnson as to the number of

cattle lost by the overflow was error, they cited, under first proposition, fourth assignment, Seale v. Gulf, Colorado & Santa Fe Railway Company, 65 Texas, 277; Sabine & East Texas Railway Company v. Johnson, 65 Texas, 394; and see authorities cited under the following proposition.

The admission of the answer of the witness, and the refusal of the court afterwards to exclude it, had the effect to lead the jury to accept the opinions, conclusions of fact and deductions of a biased witness, in lieu of their own, in matters wherein no peculiar skill or expertness was requisite, and was error. (Houston & Texas Central Railway Company v. Larkin, 64 Texas, 457; Texas & Pacific Railway Company v. DeMilley, 60 Texas, 199; Willis & Brother v. McNeill, 57 Texas, 465; Cooper v. The State, 23 Texas, 336.)

That the proper measure of damages for the destruction of plaintiff's grass, growing on his land, was the value of the grass at the time when and the place where destroyed, and not as charged, "the value of the use of his pasture for the length of time he was deprived of the use of the grass by reason of said overflow, within the limits claimed by him," they cited Seale v. Gulf, Colorado & Santa Fe Railway, 65 Texas, 277; Brandon v. Manufacturing Company, 51 Texas, 128; Sabine & East Texas Railway v. Johnson, 65 Texas, 390-394; Sabine & East Texas Railway v. Joachimi, 58 Texas, 460, 461.

That the charge did not properly present the law applicable to overflows from extraordinary floods, they cited Gulf, Colorado & Santa Fe Railway v. Wallen, 65 Texas, 568; Brandon v. Manufacturing Company, 51 Texas, 121; Railway v. Halloren, 53 Texas, 53, 54; Houston & Great Northern Railroad v. Parker, 50 Texas, 330; Spencer v. Onstott, 3 Texas, 147.

That the court erred in permitting witnesses to give their opinions as to how many of plaintiff's cattle died from the overflow, they cited Dallas & Wichita Railway v. Spicker, 61 Texas, 427; Texas & Pacific Railway v. Tankersly, 63 Texas, 60.

That the court erred in charging as to the measure of damages, they cited Sabine & East Texas Railway v. Johnson, 65 Texas, 390-394; Gulf, Colorado & Santa Fe Railway v. Helsley, 62 Texas, 596; Railway v. Donahoo, 59 Texas, 129.

*Tom J. Russell,* for appellee: The exceptions to depositions were not well taken, as the caption and certificate fully identify the suit and parties therto, and that the witnesses swore to the

answer before the officer, citing Carroll v. Welch, 26 Texas, 147; Ballard v. Perry, 28 Texas, 347; Rigler v. Larkin, 64 Texas, 454.

A witness may give an opinion as to amount of loss or damage, where his previous testimony shows that he was well acquainted with all the facts and surroundings, citing Railway Company v. Knapp, 51 Texas, 592; Railway Company v. Hogsett, 67 Texas, 685; 1 Sutherland on Damages, 786, and notes.

Where property taken or destroyed has a certain value for use, or a useable value which consists of the use made of it by the owner for a certain purpose, then the value to the owner for such use, for a certain time, is the measure of the damages for the loss of such use. (Allen v. Fox, 51 New York, 562; Gulf, Colorado & Santa Fe Railway Company v. Wette, 4 Southwestern Reporter, 490; Railway Company v. Knapp, 51 Texas, 592; Texas & Pacific Railway Company v. Tippitt, 2 White & Willson's Civil Cases, sec. 807; Gilbert v. Kennedy, 22 Mich., 117; Allison v. Chandler, 11 Mich., 542; Warren v. Cole, 15 Mich., 265; Whitbeck v. New York Central Railroad Company, 36 Bart., 647; City of Terre Haute v. Hudnut, 13 N. E. Rep., number 8, page 686.)

STAYTON, ASSOCIATE JUSTICE. At a proper time objections were taken to the depositions offered by the appellee. The objection to each deposition was that the certificate of the officer before whom it was taken did not show that the answers of the witness were signed and sworn to by him. As shown by the bill of exceptions, the captions and certificates to the depositions were as follows: Style of cause and answers of Bradley Johnson to direct interrogatories in the above suit, with no certificate of officer to them. The caption to his answers to cross interrogatories was: "Answers to cross interrogatories." The certificate to same was as follows: "I, G. W. Paine, a justice of the peace in and for precinct number 3, and ex-officio notary public of said county and State, do hereby certify under my hand and official seal, that the foregoing answers were made, subscribed and sworn to before me, at Sabine Pass, Jefferson county, and State of Texas, this fourth day of April, A. D. 1887." Signed by the officer.

The caption to the deposition of Cuniff was as follows: After style of cause, "deposition of Thomas Cuniff, witness for plaintiff." The deposition was without signature of witness or certi-

ficate of officer to the direct interrogatories; the answers to the cross interrogatories had no caption save beginning with the style of the cause.   Answers of Thomas Cuniff to cross interrogatory first, and ended with a certificate of the same form as the one to B. Johnson's deposition, to wit:   That "the above and foregoing answers to the direct and cross interrogatories were made, subscribed and sworn to before me," etc.

The deposition of Jack Johnson, after the style of the cause, had this further caption:   "Answers of Jack Johnson witness for plaintiff, to direct and cross interrogatories."   The direct interrogatories were signed by the witness; there were no answers to the cross interrogatories, and the certificate was in the same form as the foregoing:   That the above and foregoing answers were made, subscribed and sworn to before me, at, etc.

The statute declares that "the officer shall certify that the answers of the witness were signed and sworn to by the witness before him."   (Revised Statutes, 2229.)   This must be substantially complied with or a deposition should be excluded on motion made at the proper time.   Do the certificates before us show the facts required by the statute to be shown?   They are all so nearly alike that the consideration of one will dispose of all.   When it is apparent that the caption is intended as a part of the officer's certificate, it doubtless may be so considered; and if it clearly appears from that, taken with the certificate at the conclusion of a deposition, that the law has been complied with, that is sufficient.

That which precedes the answers which are claimed to have been those of Bradley Johnson, does not show that he signed them or swore to them; and if there be evidence that these things were done by the witness named, this must appear from the officer's certificate which follows the deposition.   The only way in which it can be known that what appears to be the answers of a witness taken through interrogatories and a commission, within the meaning of the law, are such answers, is by the certificate of the officer to the fact that the answers of *the witness* were *signed* and *sworn* to by *the witness* before him.

That which is thus verified becomes evidence; but no statement made by the officer that matters appearing as the answers which does not show that they become so by the facts that the witness signed and swore to them before the officer can be received.

If we take what is stated in the caption to the deposition of Bradley Johnson and attach it to the certificate of the officer which follows, it will stand thus:    "Answers of Bradley Johnson to direct interrogatories in the above suit, I, G. W. Paine, a justice of the peace in and for precinct number 3, and *ex-officio* notary public of said county and State, do hereby certify under my hand and official seal, that the foregoing answers were made, subscribed and sworn to before me at Sabine Pass, Jefferson county and State of Texas, on this fourth day of April, A. D., 1887." From this it may be suspected that the answers were signed and sworn to by Bradley Johnson; but this is not enough. It must appear through the officer's certificate that this is true or the deposition should be rejected. (Thompson v. Haile, 12 Texas, 139; Chapman v. Allen, 15 Texas, 27s; Patton v. King, 26 Texas, 687; Trammell v. McDade, 29 Texas, 360.) The three depositions objected to should have been rejected, and as the evidence was material, the judgment will have to be reversed on account of its admission.

There are many assignments of error, and in view of the further disposition of the case we deem it proper to notice some of them. There were many exceptions taken to the petition which were overruled. The petition was unusually full in its statement of the facts from which it was claimed the liability of the defendant arose, and of the facts evidencing the extent of the injury received by the plaintiff; but this was not improper, although it was, to a given extent, practically a statement of the particular facts which the plaintiff proposed to prove more minutely made than was absolutely necessary. Averments as to the overflow of lands adjoining those of the plaintiff, but belonging to other persons could have no bearing on the questions at issue between the parties to this action, and should have been stricken out on exception. The other exceptions to the petition were properly overruled.

The witness Johnson stated fully his means of information as to the loss of stock in plaintiff's pasture, and stated what he saw, and we are of the opinion, looking to all the facts of the case, that the court did not err in permitting him to estimate the number of dead animals. It is sometimes the case that no better evidence can be obtained upon questions relating to time, quantity, number, speed, distance and the like, and when this is so, such evidence derived from actual observation is very generally held admissible. Such evidence, however, should

never be received unless the witness is shown to have been in a position and to have used the means necessary to enable him to form an estimate.

The evidence of the witnesses Broussard, Ben Johnson, John Johnson, Bradley Johnson and Thomas Cuniff, tending to show the number and value of animals belonging to the plaintiff that died, and the cause of their deaths, was clearly admissible, as was the evidence tending to show the value of grass in plaintiff's pasture destroyed by the overflow, as well as the injury resulting from the fact that by the land being long submerged it was rendered incapable for a time after the water subsided of producing grass as did it before the overflow.

It is urged that the court erred in not instructing the jury that the measure of damages for injury done to the pasture was the value of the grass at the time the overflow came over it. In cases in which the destruction of grass is the basis of the action, no further injury being alleged, the rule contended for would be the true one. Such a rule, however, would not be applicable to such a case as is made in the petition in this case. It is claimed not only that the grass on the land at the time the overflow came on, was destroyed, but that the water remained over the land for several months, thereby preventing the growth of grass and use of the pasture, and in addition to this, that after the water subsided, on account of its long continuance, the earth did not yield its grasses for a time as it had before and would have continued to do if the land had not been thus submerged.

The charge clearly stated to the jury what facts would render the appellant liable, and informed the jury in terms that could not have been misunderstood that the appellee would not be entitled to recover for any injury he might have avoided by the exercise of due care. The charge also clearly informed the jury that the appellant would not be liable if the overflow resulted from extraordinarily heavy rains and high water in the rivers, against which ordinary prudence could not have provided; and that this was not repeated in any paragraph of the charge which bore on the question of the appellant's liability, could not have misled any jury of ordinary intelligence.

There being evidence such as would have enabled the jury to make estimates of damages in the manner suggested in the charge we have quoted, the court gave this charge:

"If you find for plaintiff, to determine the amount of damage, if any has been shown you, and to inquire whether from

the evidence any injury is shown to plaintiff's pasture;" if they found the standing water, as before explained, covered it, to find what, if any, the evidence showed them was the value per acre of the land for pastuaage of horses and cattle during the year 1885, that they might find what, if any, was the value for one year, and then take the proportionate rate for the length of time, if any, the evidence showed them the plaintiff was deprived of his pasture; or that they might find the value of the use of the land for pasturage, if any be shown by the evidence, for one day, week or month, if any be shown, and to that add, if any be shown by the evidence, such number of days, weeks and months, if any, as are shown, and arrive at the amount of time, if any, plaintiff was deprived of his pasturage.

A charge of this kind is objectionable in any case, and it is always better to leave the jury to reach their conclusions, under the evidence properly before them, and the charge of the court as to the law of the case, through such modes of reasoning and processes of thought as each juror may, unaided by suggestions from the court, naturally and without constraint, pursue. In this case the charge, however, was calculated to mislead, for it assumes that the value of pasturage is the same for any period during the year. The court could not judicially know this to be true, and it may be that pasturage for a given time in one part of a year will be of less or greater value than would it be for a like time during some other part of the year. The evidence tends to show that this is true.

The other assignments of error need not be considered. For the error noticed the judgment will be reversed and the cause remanded.

· *Reversed and remanded.*

Opinion delivered February 3, 1888.