GRIFFIN et al. v. HUMPHREY.

(Court of Civil Appeals of Texas. Dallas. June 17, 1911. Rehearing Denied June 30, 1911.)

DEPOSITIONS (§ 75*) — CAPTION — CERTIFICATION—REQUISITES.

The caption of a deposition which recites that the answers of a witness to interrogatories propounded before a notary public in accordance with the accompanying commission are attached, and the certificate of the notary which recites that the answers of the witness were made before and reduced to writing by the notary and subscribed and sworn to before him, do not comply with the statute because they do not show that the deposition was sworn to by the witness, and it must be quashed on motion.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 184; Dec. Dig. § 75.*]

Appeal from Dallas County Court; W. M. Holland, Judge.

Action by W. F. Humphrey against Charles E. Griffin and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Carden, Starling, Carden & Hemphill, and Geo. O. Wallace, for appellants. Burgess, Burgess & Chrestman, for appellee.

BOOKHOUT, J. W. F. Humphrey, plaintiff below, sued Charles E. Griffin and Ball-Carden Company, a partnership composed of P. D. C. Ball and George A. Carden, and George A. Carden individually, on a promissory note for the principal sum of $345.90, alleging that the said Charles E. Griffin for a valuable consideration executed and delivered said note to plaintiff, and further alleging that Ball-Carden Company guaranteed the payment of said note at its maturity. The defendants answered that at the time of the delivery of said note the said Griffin delivered to plaintiff a certain duebill executed by one P. O'Laughlin in favor of Griffin for $580, and that it was then and there agreed that the plaintiff would take said duebill for collection, and when collected would apply the proceeds to said note. The defendants Ball-Carden Company and George A. Carden specially pleaded that they guaranteed the payment of the note in controversy upon the condition that said O'Laughlin's duebill should be placed with said note as collateral and turned over to the plaintiff, Humphrey, for collection, and, when collected, the proceeds of the duebill applied to the cancellation of the note. A trial resulted in a verdict and judgment for plaintiff for the amount of the note sued on. Defendants' motion for new trial having been duly presented and overruled by the court, the defendants excepted, and have perfected their appeal to this court.

In our opinion reversible error is pointed out in the sixth assignment, that the court erred in overruling the motion of these defendants to suppress the second deposition of plaintiff, Humphrey, and in permitting said deposition to be read in evidence by the plaintiff over the objection of the defendants. The deposition of W. F. Humphrey had been taken by plaintiff. Prior to the commencement of the trial, the defendants filed a written motion to quash said deposition on the ground that the notary taking the same does not make any proper certificate showing that the same was taken as required by the statute, and does not make any proper certificate

showing that the same was sworn to and subscribed by the witness. This motion was overruled and the deposition read in evidence, to which defendants excepted and preserved the ruling by proper exception. The caption to said deposition was as follows: "W. F. Humphrey vs. Charles E. Griffin et al. No. 15,384. In the County Court of Dallas County. At Law. Answers and depositions of W. F. Humphrey to the accompanying direct and cross interrogatories propounded to him in said cause taken before W. H. Adams, a notary public in and for the parish of Calcasieu, state of Louisiana, in accordance with the accompanying commission, and agreement between attorneys for plaintiff and attorneys for defendants, respectively, in page _____ of direct interrogatories hereto attached." The certificate thereto is as follows: "State of Louisiana, Parish of Calcasieu. I, W. H. Adams, a notary public in and for the parish of Calcasieu, state of Louisiana, do hereby certify that the foregoing answers of W. F. Humphrey, the witness hereinbefore named, were made before, reduced to writing by me, subscribed and sworn to before me on the 23rd day of April, A. D. 1910. Given under my hand and seal of office this, the 23rd day of April, A. D. 1910. W. H. Adams, Notary Public in and for Calcasieu Parish, State of Louisiana."

The trial court erred in refusing to quash said deposition and in permitting it to be read in evidence. This court in the case of Missouri, Kansas & Texas Railway Company v. Graves, 122 S. W. 458, held, basing its opinion on the case of Railway Co. v. Brousard, 69 Tex. 617, 7 S. W. 374, that a deposition with a similar caption and certificate did not meet the requirements of the statute, in that the certificate did not show that the deposition was sworn to by the witness, before the officer taking the same, and should have been quashed on motion. On the authority of that case we sustain the sixth assignment. The testimony of Humphrey contained in the deposition was on a material issue.

For the error in refusing to sustain appellant's motion to quash the deposition and in admitting the testimony of Humphrey contained therein, the judgment is reversed and the cause remanded. We conclude that no reversible error is pointed out by any of the other assignments.

Reversed and remanded.