CRIM et al. v. AUSTIN, Banking Com'r.
(No. 930–5026.)

Commission of Appeals of Texas, Section B.
May 23, 1928.

1. Husband and wife ⬤═268(9)—Statute held not to exempt community from liability for wife's torts, whether before or after marriage (Rev. St. 1925, arts. 4613, 4623).

Rev. St. 1925, art. 4623, exempts community generally from liability for debts contracted by wife, not for her torts, whether committed before or after marriage; only husband's separate property being exempt from such liability, under article 4613.

2. Husband and wife ⬤═268(1)—Statute as to exemption of community from liability for wife's debts applies only to debts resulting from wife's contracts during coverture (Rev. St. 1925, art. 4623).

Exception of contracts for necessaries furnished wife and children from exemption of community from liability for wife's debts, by

Rev. St. 1925, art. 4623, held to show that debts meant were those resulting from wife's contracts during coverture; exception being necessarily out of thing mentioned and implying that it was of kind therewith.

3. Statutes ⬤═225—Statutes in pari materia should be read together.

All statutes in pari materia should be read together.

4. Husband and wife ⬤═268(1)—Statute held not to exempt community from liability for wife's prenuptial debts, when read with statute exempting husband's separate property only from liability therefor (Rev. St. 1925, arts. 4613, 4623).

Rev. St. 1925, art. 4623, exempting community from liability for wife's debts, when read together with article 4613, exempting husband's separate property from liability for wife's prenuptial debts without proscribing collection thereof from community property, exempts such property from liability only for debts contracted by wife during coverture.

5. Husband and wife ⬤═268(1)—Statute should not be held to prescribe different rules, as to community liability for wife's and husband's antenuptial debts; fairness and equality being presumed (Rev. St. 1925, arts. 4613, 4623).

There being nothing in Rev. St. 1925, arts. 4613, 4623, to indicate intent that entire community should not be liable for husband's antenuptial debts, latter article should not be held to prescribe different rule with respect to wife's antenuptial debts; fairness and equality being always presumed when possible.

6. Husband and wife ⬤═268(1)—Statute should not be construed as exempting community from liability for wife's antenuptial debts, in absence of unmistakable language to such effect (Rev. St. 1925, art. 4623).

Community property being principal, and often only, means of satisfying prenuptial debts of husband or wife, Rev. St. 1925, art. 4623, should not be construed as exempting community property from liability for wife's antenuptial debts, in absence of unmistakable language to such effect.

7. Husband and wife ⬤═247—Common law has never been in force with respect to marital rights in Texas.

The common law is not, and never has been, in force with respect to marital rights in Texas; such rights being purely statutory.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Charles O. Austin, Banking Commissioner, against Maggie L. Crim and others. A judgment for plaintiff was reformed by the Court of Civil Appeals (299 S. W. 322), and defendants bring error. Affirmed.

Young & Stinchcomb, of Longview, for plaintiffs in error.

S. F. Leslie and H. G. Evans, both of Bonham, for defendant in error.

---

SPEER, J. The banking commissioner recovered a judgment against Mrs. Maggie L. Crim for $5,000, a stock assessment against her for stock in an insolvent state bank owned by her before her marriage to J. T. Crim. The trial court ordered that the judgment should be made out of her separate property, and the income, rents, and revenues therefrom, and her personal earnings of the community property, but on appeal the Court of Civil Appeals for the Sixth District by a majority opinion reformed the judgment of the trial court so as to make it provide that all of the community property of the marriage between Mr. and Mrs. Crim should be subject to the payment of the judgment. 299 S. W. 322.

The sole question presented turns upon the interpretation of article 4623 of our statutes defining the marital rights, which is as follows:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

Prior to this amendment of 1913 there is no question but that the community property generally was liable for the antenuptial debts of the wife. This is made clear in the opinions in the Court of Civil Appeals.

In the dissenting opinion of Justice Levy it is pointed out that in the case of Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, the Supreme Court has held that the Legislature could regulate and limit the liability of the community for the debts of the spouses. This may be conceded, but it only postpones the question of whether or not the Legislature by the language of the statute as it now exists intended to exempt any part of the community property from being taken in payment of the wife's antenuptial debts.

[1] We think the majority opinion of the Court of Civil Appeals is correct for the following reasons:

1. The exemption provided for in the statute is against liability of the community generally for "debts contracted by the wife." No effort is made to exempt the community or any part thereof from liability for the wife's torts whenever committed. It is only the husband's separate property that is exempted from liability for torts of the wife. See article 4613. Now, it cannot reasonably be supposed the Legislature intended to protect part of the community property from liability for debts contracted by the wife and yet to leave that entire estate liable for her prenuptial torts. The absurdity of such a result argues against such conclusion.

[2] 2. In making the exemption it did, the Legislature excepted from the contracts of the wife those "for necessaries furnished herself or her children." Now, an exception necessarily is out of the thing mentioned and implies that it is of a kind therewith. The exception of contracts for necessaries furnished herself and children shows that the debts being considered were those resulting from contracts of the wife while she was the wife.

[3, 4] 3. Again, in article 4613 (and all statutes in pari materia should be read together) it is provided:

"The separate property of the husband shall not be subject to the debts contracted by the wife, either before or after marriage, except for necessaries furnished herself and children after her marriage with him, nor for torts of the wife."

Thus where it was thought desirable to exempt against prenuptial contracts of the wife it was clearly so stated. No such express provision proscribing antenuptial debts being collected out of the community property is to be found.

[5] 4. There is nothing in the statutes to indicate an intention that the entire community (less of course exempt property) should not be liable for the antenuptial debts of the husband. Indeed, no one will deny that such is the case. It would be imputing to the Legislature the intention to work a difference grossly unjust to the wife and her creditors to hold, in the absence of a clear intention to that effect, that it was intended to prescribe a different rule with respect to the wife's antenuptial debts. Fairness and equality are always to be presumed when possible.

[6] The precise point has never been decided so far as we are advised, but the writer pointed out as early as 1916 that:

"The saving clause in the Act of March 21, 1913 [acts 33d Leg. c. 33], with respect to the community property, applies only to contracts after marriage." Speer's Law Marital Rights, § 138.

Indeed, the highest considerations would permit of no other holding in the absence of unmistakable language in the act to the contrary. Under our system of marital property rights, and especially since the decision of Leonard v. Arnold, supra, and others limiting the legislative power to enlarge the wife's separate estate, the principal, and oftentimes only, means of satisfying a prenuptial debt of husband or wife is the community property. It is the principal estate. Indeed, even the personal earnings of the husband and wife, the rents from the wife's separate lands, and the interest and income from her separate estate generally constitute a part of the community property, and in those cases where the wife had no personal earnings or income, rents, and revenues from separate property, though she might otherwise be rich in community property, to allow the interpretation con-

tended for by plaintiffs in error would be to work a monstrous injustice and reach an end never contemplated by the Legislature.

[7] The most that can be said of the article under consideration is that it contemplated that the contractual liabilities of the wife made during marriage, as to the community property, should be satisfied only from her personal earnings and the income, rents, and revenues from her separate property. The common law upon the subject has nothing to do with the case. The common law is not, and never has been, in force with respect to the marital rights in Texas. They are purely statutory. Cartwright v. Hollis, 5 Tex. 152; Wallace v. Burden, 17 Tex. 467; Bradshaw v. Mayfield, 18 Tex. 21; Barkley v. Dumke, 99 Tex. 150, 87 S. W. 1147; Grigsby v. Reib, 105 Tex. 597, 153 S. W. 1124, L. R. A. 1915E, 1, Ann. Cas. 1915C, 1011; Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012.

We therefore recommend that the judgment of the Court of Civil Appeals be in all things affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.