## CRANE v. ROBERT & ST. JOHN MOTOR CO.
### No. 888.

Court of Civil Appeals of Texas. Eastland.
Oct. 2, 1931.

Oliver F. Cunningham, of Abilene, for plaintiff in error.

Kirby, King & Overshiner, of Abilene, for defendant in error.

LESLIE, J.

Robert & St. John Motor Company, a corporation, brought this suit against Callie Windham Crane and her husband, William Crane, to recover on a promissory note alleged to have been executed and delivered by Callie Windham Crane to T. A. Irvin at a time when she was a feme sole. Plaintiff alleges itself to be the holder of the note in due course for a valuable consideration; that it was past due and unpaid, and the just and legal obligation of the defendants, etc. The prayer was for general and special relief, etc.

Both defendants were duly cited, but neither appeared and answered. Judgment by default was rendered against them "jointly and severally for the sum of $385.00 and all costs of suit." The defendant William Crane brings error to this court and seeks a revision of that part of the judgment against him in his several or personal capacity.

An examination of the plaintiff's petition clearly discloses that the debt sued on is the antenuptial debt of the wife. For such a debt the husband is not liable personally. Crim et al. v. Austin, Banking Com'r (Tex. Com. App.) 6 S.W.(2d) 348; Id. (Tex. Civ. App.) 299 S. W. 322; Johnson v. Griffiths & Co. (Tex. Civ. App.) 135 S. W. 683; Law of Marital Rights in Texas (Speer) (3d Ed.) § 156, p. 211.

It will be observed that article 1985, R. S. 1925, provides: "The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband." This should settle the matter of the right of the defendant in error to take a personal judgment against the husband, but looking further we find, in the opinion in Evans et al. v. Breneman (Tex. Civ. App.) 46 S. W. 80, 81, where the court was considering a personal judgment against a husband and wife for services rendered for the benefit of her separate estate, it is said: "It was proper, therefore, to render a personal judgment against both husband and wife; but it should have been further decreed that the money be made out of their community estate, or the separate estate of the wife. Grant v. Whittlesey, 42 Tex. 320; Taylor v. Murphy, 50 Tex. 291." Applying this rule to the facts of the instant case, it becomes this court's duty to reform the judgment of the trial court in the matter complained of, and affirm the same.

The matter of properly adjudicating the costs of this appeal arises next. In regard to that question, the opinion from which the above excerpt is taken lays down the following rule: "The attention of the [trial] court was not called to the omission in the judgment by appellants, or it would doubtless have been remedied, and the costs of this court will therefore be assessed against them."

The rule in substantially the same language was so stated in Johnson v. Griffiths & Co., supra; Nacogdoches Ind. School Dist. v. Adams (Tex. Civ. App.) 36 S.W.(2d) 567; Prim v. Latham (Tex. Civ. App.) 6 S.W.(2d) 173.

The judgment of the trial court will therefore be reformed, and it is the order of this court that the same run against the separate property of the wife, Callie Windham Crane, and the community property of herself and said husband, and that execution be so levied. No execution shall be levied upon the separate property of William Crane. The cost of appeal is adjudged against plaintiff in error.

As reformed the judgment is affirmed.